UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DOREEN GEE, et al., ) | Lead Case No. 1:03-CV-147 |
| ) | |
| Plaintiffs ) | CLASS ACTION |
| ) | |
| vs. ) | MDL Case No. 1:03-md-1552 |
| ) | |
| UNUMPROVIDENT CORPORATION, ) | JUDGE CURTIS L. COLLIER |
| et al., ) | |
| ) | MAGISTRATE JUDGE SHIRLEY |
| Defendants. ) | |
| ) | |

## CONFIDENTIALITY STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and between counsel for the parties (the "Parties") to the above-captioned action (the "Action"), subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents and any deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced or given by a Party or non-party to this Action in connection with discovery in the Action, whether or not provided in response to a formal discovery demand (such information is hereinafter referred to as "Discovery Material").

1. Discovery Material, or information derived therefrom, shall be used solely for prosecution or defense of this Action (including any appeals) and shall not be used for any other purpose.

2. For purposes of this Stipulation and Order, Confidential and Highly Confidential information shall mean the following:

(a) "Confidential Information" may include all non-public materials containing information related to: financial or business plans, data or projections; proposed plans and strategies; studies or analyses by internal or external experts; financial or tax data; competitive analyses; current personnel, including officers, directors or partners; information or documents subject to confidentiality or non-disclosure agreements with third parties; or other commercially sensitive or proprietary information.

(b) "Highly Confidential Information" means Confidential Information as defined in paragraph 2(a) above, the disclosure of which to personnel of another party could reasonably be anticipated to cause substantial and irreparable injury to the business or personal affairs of the producing or designating Party. Highly Confidential Information shall include actuarial assumptions and data, personal financial information, trade secrets and any plans yet to be carried out by the Producing Party to merge with, acquire, be acquired by, sell assets to or purchase assets from another company, but shall not include historical statements of financial condition or reserves.

(c) "Confidential Information" and "Highly Confidential Information" shall not include unaltered copies of any documents in the public domain,

including but not limited to annual, quarterly, or other reports or documents sent to shareholders, press releases, and public documents filed with the Securities and Exchange Commission ("SEC").

(d) The inadvertent failure to designate material as "Confidential" or "Highly Confidential" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice. It shall not be deemed a violation of this Stipulation and Order to have disclosed information not designated as Confidential or Highly Confidential Information that is subsequently so designated if disclosure was made prior to such designation. Any failure of the parties to designate a document or information as "Confidential" or "Highly Confidential" shall not be deemed a waiver of any claim of confidentiality that the parties would otherwise be entitled to invoke against a person or entity not a party to this Action.

3. Confidential or Highly Confidential Information may be disclosed only to those persons identified in Paragraphs 7 and 8 below. All persons receiving Confidential or Highly Confidential Information shall be bound by the terms hereof. If any person violates or threatens to violate any of the terms hereof, the aggrieved Party make seek any appropriate relief in this Court

4. Any Party or non-party (the "Producing Party") may designate documents that are produced as Confidential or Highly Confidential Information by (a) stamping

- 3 -

each page containing Confidential or Highly Confidential Information with the legend "Confidential" or "Highly Confidential" before that page is produced, or (b) by separate written notification of such designation, which may be sent within thirty days after production. A document that includes the designation "Confidential Treatment Requested" shall be treated as if designated "Confidential" for purposes of this Action.

5. Deposition testimony may be designated as Confidential or Highly Confidential Information either (i) at the deposition, by making a statement for inclusion in the deposition transcript, or (ii) on or before thirty (30) calendar days after receipt of the transcript, by making a notation on the transcript of the deposition and informing all other counsel in writing of such designation. Until the expiration of such thirty (30) day period with respect to any deposition transcript, all deposition testimony and transcripts, and any information contained therein, or exhibits thereto, shall be deemed to be Confidential Information and treated as if so designated, except for those portions of the testimony specifically designated at the deposition as Highly Confidential. When Confidential or Highly Confidential Information is designated in a deposition transcript, the person making the designation shall instruct the reporter to make the following notations: (i) on the first page of the transcript: "This transcript contains Confidential or Highly Confidential Information"; and (ii) on each page containing Confidential or Highly Confidential Information: "Confidential" or "Highly Confidential".

6. Responses to document requests, interrogatories, and requests for admission may he designated "Confidential" or "Highly Confidential" by (a) so

indicating in the response or (b) by separate written notification of such designation within thirty days of the service of the response.

7. Any Party receiving Confidential information may disclose or make available such information only to the following persons:

(a) this Court (and any appellate court), including court personnel, jurors and alternate jurors;

(b) the defendants and any named plaintiff in this Action and their employees, officers, directors, insurers, counsel to their insurers, counsel to the parties to this Action, Co-Lead Counsel for Plaintiffs in the consolidated *In re UnumProvident Corp. Derivative Litigation* (Lead Case No. 1:02-cv-386), and the paralegal, clerical, secretarial, and other staff employed by such counsel;

(c) court reporters;

(d) outside services, such as copy services;

(e) deponent and trial fact witnesses and any other witness or potential witness whom a Party believes in good faith will be aided in reviewing the document, provided that prior to the disclosure to such persons of any Confidential Information, counsel for the Party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such person

- 5 -

is given access to Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of the Stipulation and Order. Counsel for the Party disclosing the Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications;

(f) Outside Experts or Consultants retained by counsel to any Party to this Action, in accordance with Paragraph 9, below; and

(g) any mediator or arbitrator engaged by the parties to this Action.

8. Any Party receiving Highly Confidential Information may disclose or make available such information only to the following persons:

(a) this Court (and any appellate court), including court personnel, jurors and alternate jurors;

(b) litigation counsel to the defendants and to Lead Plaintiff(s) in this Action, as well as Co-Lead Counsel for Plaintiffs in the consolidated *In re UnumProvident Corp. Derivative Litigation* (Lead Case No. 1:02-cv-386), the paralegal, clerical, secretarial, and other staff employed by such counsel, and in-house counsel to UnumProvident Corporation;

(c) court reporters;

(d) outside services, such as copy services;

- 6 -

(e) deponent and trial fact witnesses and any other witness or potential witness whom a Party believes in good faith will be aided in reviewing the document, provided that prior to the disclosure to such persons of any Highly Confidential Information, counsel for the Party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such person is given access to Highly Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of the Stipulation and Order. Counsel for the Party disclosing the Highly Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications;

(f) Outside Experts or Consultants retained by counsel to any Party to this Action, in accordance with Paragraph 9, below; and

(g) any mediator or arbitrator engaged by the parties to this Action.

9. For purposes of this Stipulation and Order, "Outside Expert" or "Outside Consultant" means any expert or independent consultant who is not an employee of either Party or of a competitor of either Party, and is retained solely for the purpose of (i) advising and/or assisting counsel in the preparation or trial of this action or (ii) to give a written opinion and/or expert testimony or (iii) for both purposes, and his or her

assistants, to whom it is necessary to disclose Discovery Material for the purposes of this Action.

10. Prior to the initial disclosure of any Confidential or Highly Confidential Information in accordance with Paragraphs 7 and 8 to a proposed expert or consultant, counsel for the Party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such expert, advisor or consultant is given access to Confidential or Highly Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of the Stipulation and Order, including but not limited to the provisions of Paragraph 1 hereof restricting the use of any Discovery Material, or information derived therefrom, solely for the prosecution or defense of this Action. Counsel for the Party disclosing the Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications, and to provide a copy of the executed certifications to the Producing Party on the earlier of the date that such expert or consultant is first disclosed under the Federal Rules of Civil Procedure, or at the conclusion of the Action.

11. All persons who have received Confidential or Highly Confidential Information shall safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

12. Any Party to the Action to whom information designated "Confidential" or "Highly Confidential" is produced may object at any time during the pendency of the Action to the designation of "Confidential' or "Highly Confidential." The objection shall

be made in writing to counsel for the Producing Party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within five (5) business days of the date of service of the objection, the objecting Party shall within ten (10) business days of the date of service of the objection seek a telephone conference with a judicial officer and/or make a motion to resolve the dispute. In the event of such a dispute, all materials whose designation is so objected to shall continue to be treated as Confidential or Highly Confidential Information until the Court rules to the contrary.

13. If any Producing Party disseminates information that the Producing Party has designated as "Confidential" or "Highly Confidential" in a manner inconsistent with the claim that it is confidential, any Party may assert to the Court that such material is no longer entitled to be treated as Confidential or Highly Confidential Information.

14. If an attorney for the party receiving Confidential Information wants to file any Confidential Information with the Court, such attorney shall submit to counsel for the producing party a written document specifically identifying the Confidential Information to be disclosed. The attorney for the producing party shall have five business days from the date of the receipt of the notification to file a motion to have said Confidential Information filed under seal for good cause. The producing party may file a motion seeking permission to file Confidential Information under seal for good cause at any time. The burden to demonstrate good cause for filing said Confidential Information under seal rests with the party so designating such information as confidential. Said

Confidential Information shall not be filed in the public records of the court pending resolution of any motion to file said Confidential Information under seal.

15. In the event that any Party or third party who has received Confidential or Highly Confidential Information pursuant to this Stipulation (the "Receiver") receives a subpoena or other compulsory process demanding the production of such Confidential or Highly Confidential Information, the Receiver may not disclose that information without first seeking permission from this Court to disclose the Confidential or Highly Confidential Information. The Receiver shall file such a request to permit disclosure, with written notice to the Producing Party, within the time provided for responding to the subpoena or other compulsory process, but in no event more than five business days after receiving the subpoena or other compulsory process. Thereafter, the disclosure of any Confidential or Highly Confidential information by the Receiver in response to the subpoena or other compulsory process shall be subject to the ruling of this Court.

16. Nothing herein shall prevent any Party from presenting Confidential or Highly Confidential Information to the original recipient or author of such Confidential or Highly Confidential Information.

17. If Confidential or Highly Confidential Information is produced pursuant to subpoena or other compulsory process, it shall continue to be treated as Confidential or Highly Confidential Information by all persons subject to this Protective Order unless and until this Court otherwise directs,

18. Entering into, agreeing to and/or producing Confidential or Highly Confidential Information or otherwise complying with the terms of this Stipulation and Order shall not:

(a) operate as an admission by any Party that any particular Confidential or Highly Confidential Information contains or reflects trade secrets or any other type of Confidential or Highly Confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential or Highly Confidential Information;

(c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(d) prejudice in any way the rights of a Party as to whether any Confidential or Highly Confidential Information should be subject the terms of this Order; or

(e) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential or Highly Confidential Information.

19. Any Party may apply to the Court for an order modifying this Stipulation and Order, and nothing in this Stipulation and Order shall be deemed to prevent such application. This Stipulation and Order may also be modified with the consent of all parties hereto or may be modified by the Court on its own motion, and nothing in this Stipulation and Order shall be deemed to prevent such modification.

20. Any inadvertent disclosure in connection with this Action of Discovery Material that the Producing Party believes constitutes, contains or reflects information otherwise protected by any applicable privilege or immunity from discovery, such as the attorney-client privilege, the work product doctrine, and the joint defense privilege ("Privileged Material"), shall not constitute a waiver, with respect to such Privileged Material or generally, of any such privilege or immunity. In the event of such an inadvertent disclosure of Privileged Material, within sixty (60) days of the date of production, the Producing Party may provide notice to the other parties directing that all copies of such inadvertently disclosed Privileged Material be returned to the Producing Party and barring any other party from using that material or any copies thereof, or any information derived therefrom in this Action or otherwise. The parties receiving such notice shall immediately set aside all copies of the Privileged Material described in such notice and shall not use such Privileged Material, or any information derived therefrom, provided, however, that any Party receiving such notice, after setting aside the Privileged Material, may move, on reasonable notice, and on such grounds other than the inadvertent production of such material, for an order challenging the designation of such

material as Privileged Material, and may attach to the motion copies of the material in question.

21. Within sixty (60) days after a judgment in or dismissal or other resolution of this Action becomes final and nonappealable, the attorneys for each Party who received Confidential or Highly Confidential Information shall (a) return to the Producing Party all copies of Confidential or Highly Confidential Information produced by such person or (b) destroy all documents containing Confidential or Highly Confidential Information (including all copies of Confidential or Highly Confidential Information and documents containing Confidential or Highly Confidential Information made by the recipient and other persons (including experts and consultants) to whom the recipient disclosed Confidential or Highly Confidential Information), and (c) provide a certification of compliance with this paragraph. Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential or Highly Confidential Information that is referred to or attached to any attorney work product), but any Confidential or Highly Confidential Information contained in such materials may not be disclosed to any other person.

22. In the event additional parties join or are joined in this Action, they shall not have access to Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

23. This Stipulation and Order shall apply with equal force to any Discovery Material produced by or to any non-party to this Action who agrees to be bound by this Stipulation and Order. Such non-parties may avail themselves of the protections of this

- 13 -

order, and may designate materials produced by them as Confidential or Highly Confidential Information, and shall be bound by the terms of this Stipulation and Order in the same manner and to the same extent as the Parties hereto.

24. This Stipulation and Order shall be effective immediately and shall survive the conclusion of this litigation. This Court shall retain jurisdiction to enforce the terms of this Stipulation and Order for so long as it remains in force.

Dated: _____, 2004.


**SO ORDERED.**

**ENTER:**

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

C. CLIFFORD SHIRLEY
UNITED STATES MAGISTRATE JUDGE

By: _John P. Konvalinka / By Scott Flicker (with permission)_
John P. Konvalinka, Esq. (BPR #001780)
**GRANT, KONVALINKA & HARRISON**
9th Floor, Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450
(423) 756-8400

Patrick W. Shea, Esq.
Scott M. Flicker, Esq.
**PAUL, HASTINGS, JANOFSKY & WALKER, L.L.P.**
1055 Washington Boulevard
Stamford, Connecticut 06901
(203) 961-7400

**Counsel for UnumProvident Defendants**

By: *Andrew L. Berke /by So Th (with permission)*
Andrew L. Berke (BPR#16586)
**BERKE, BERKE & BERKE**
420 Frazier Avenue
P.O. Box 4747
Chattanooga, Tennessee 37405
Telephone: (423) 266-5171
Facsimile: (423) 265-5307
**Liaison Counsel for Plaintiff(s)**

Joseph H. Meltzer
Edward W. Ciolko
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
**Lead Counsel for Plaintiff(s)**

Joseph J. DePalma
**LITE DEPALMA GREENBERG & RIVAS, LLC**
Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
Telephone: (973) 623-3000
Facsimile: (973) 623-0211
**Counsel for Plaintiff(s)**

By: *[signature]*
Karen Morris
**MORRIS & MORRIS**
1105 North Market Street
Suite 803
Wilmington, Delaware 19801
Ph.: (302) 426-0400


By: _____
C. Dewey Branstetter, Jr., (BPR #9367)
**BRANSTETTER, KILGORE, STRANCH & JENNINGS**
227 Second Avenue North
Nashville, Tennessee 37201-1631
Ph.: (615) 254-8801

**Co-Lead Counsel for Derivative Plaintiffs**