UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| In re UNUMPROVIDENT CORP. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) | Lead Case No. 1:03-cv-0049<br><br>MDL Case No. 1:03-md-1552<br><br>CLASS ACTION<br>JUDGE CURTIS L. COLLIER<br>MAGISTRATE JUDGE SHIRLEY |
|---|---|---|
| In re UNUMPROVIDENT CORP. DERIVATIVE LITIGATION | ) ) ) ) ) ) ) ) ) | Lead Case No. 1:02-cv-0386<br><br>MDL Case No. 1:03-md-1552<br><br>CLASS ACTION<br>JUDGE CURTIS L. COLLIER<br>MAGISTRATE JUDGE SHIRLEY |

[Caption continued on following page.]

**SECOND AMENDED DISCOVERY ORDER**

| | | |
|---|---|---|
| DOREEN GEE, et al., | ) | Lead Case No. 1:03-cv-0147 |
| Plaintiffs, | )<br>)<br>) | MDL Case No. 1:03-md-1552 |
| vs. | )<br>) | CLASS ACTION |
| UNUMPROVIDENT CORP., et al., | )<br>)<br>) | JUDGE CURTIS L. COLLIER<br>MAGISTRATE JUDGE SHIRLEY |
| Defendants. | )<br>) | |

**I. Background**

1. Pursuant to the Court's Second Management Order (Docket No. 34, Case No. 1:03-md-1552) (the "Second Management Order"), the following actions collectively referred to as the "Securities Related Actions"[1] are coordinated for pretrial purposes:

    (a) *In re UnumProvident Securities Litigation*, No. 1:03-cv-49 (the "UnumProvident Securities Action");

    (b) *In re UnumProvident Corp. Derivative Litigation*, No. 1:02-cv-386 (the "Derivative Action"); and

    (c) *Gee, et al. v. UnumProvident Corp., et al.*, No. 1:03-cv-147 (the "ERISA 401(k) Action").

2. Discovery was stayed in the Securities Actions pursuant to the stay imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, 5, but was not statutorily stayed in the Derivative Action or ERISA 401(k) Action. On September 12 and 16, 2005 this Court issued its Orders on the various Motions to Dismiss filed in the Securities Actions. As a result, the PSLRA's discovery stay was lifted in the Securities Actions.

3. The parties shall coordinate discovery with, and avoid the duplication of discovery in, all of the Securities Related Actions, and to the extent practical, such Securities Related Actions discovery will be coordinated with discovery in the Coordinated Benefits Actions to avoid duplication of discovery and inefficiency.

4. Pursuant to the Agreed Amended Discovery Order, the parties previously developed a Joint Discovery Plan. On November 30, 2005 Magistrate Judge Shirley entered the Agreed Amended Discovery Order ( the "Discovery Order"). On April 12, 2006, the Court entered an Order extending the dates in the Agreed Amended Discovery Order until 14 days "after the mediation

---

[1] The UnumProvident Securities Action plus the "Derivative Action" and the "ERISA 401(k) Action" are defined as the "Securities Related Actions."

takes place." On April 25, 2006 the mediator filed a "Mediators Notice of Revised Mediation Dates," extending the mediation to July 6-7, 2006 and thereby further extending the discovery dates.

5. The mediation session was held on July 6-7, 2006 and a further mediation session was held on August 15, 2006. Although formal mediation sessions have not occurred since then, the mediation continues and is ongoing through numerous communications and discussions between the parties and mediators. However, the parties in the *Securities* and *Derivative* matters now believe that discovery should proceed concurrently with the mediation.

6. In light of these events, the parties have met and conferred, and submitted a proposed Second Amended Discovery Order. The Magistrate has reviewed the submission of the parties and hereby approves the following Second Amended Discovery Order.

**II.    A Timeline and Sequential Framework for Discovery**

   **A.  The Securities Actions**

7. Document discovery:

  (a) The first round of document productions from defendants has occurred, and Defendants served their first requests for documents from plaintiffs. To date, more than 200,000 pages of documents have been produced.

  (b) The Parties shall produce documents responsive to any document requests on a rolling basis and shall substantially complete their production of documents responsive to any already served document requests on or before September 15, 2007.

  (c) The parties are permitted to serve such other Requests for Production of documents as they deem necessary. However, document discovery must be completed in accordance with ¶¶3, 19 and 20 herein.

(i) If, after meeting and conferring in accordance with paragraph 21 of this Order, the parties cannot resolve their differences without resort to motion practice, the parties will file motions to compel on or before October 1, 2007.

(ii) Oppositions will be due on or before October 25, 2007. There will be no replies.

8. Plaintiffs originally filed a motion for class certification on November 15, 2005. Plaintiffs filed a renewed motion for class certification on April 20, 2007. The following deadlines shall apply to Plaintiffs' renewed motion for class certification:

(a) Plaintiffs filed their motion on April 20, 2007.

(b) Defendants' oppositions will be due on or before July 30, 2007.

(c) Replies will be due 30 days on or before August 8, 2007.

9. The following deadlines shall apply to completion of pretrial proceedings:

(a) All motions to amend the pleadings or to add additional parties to the action shall be filed on or before September 1, 2007. The parties reserve their right to oppose any such amendment.

(b) All fact discovery including depositions shall be completed by February 1, 2008.

(c) All parties will submit their expert witness designations, including identification of expert witnesses, the subject matter on which they expect to provide their opinion, a summary of their qualifications, and their expert report, by March 1, 2008.

(d) The parties will similarly identify and provide the aforementioned information as to any rebuttal expert by March 20, 2008.

(e) Expert depositions shall commence no earlier than March 4, 2008 and shall be completed by April 7, 2008.

10. The parties reserve the right to ask the Court to modify this schedule, if warranted, in order to allow for additional time for discovery, to amend the pleadings or add additional parties for good cause, including to accommodate any rulings made on future motions filed by the parties.

**B. The Derivative Action**

11. Defendants will provide plaintiff's counsel with copies of all documents and written discovery provided in the Securities Actions or the ERISA 401(k) Action;

12. Counsel to plaintiff in the Derivative Action may attend and question witnesses at all depositions noticed in the Securities Actions or the ERISA 401(k) Action, with the order of questioning to be determined by counsel for those plaintiffs; however, counsel shall use their best efforts in good faith to avoid duplicative questioning of witnesses;

13. Defendants will provide such other discovery to the Derivative Action Plaintiffs as the parties agree is appropriate and non-duplicative of other requests; and

14. The discovery deadlines in the proceeding section governing the "Securities Actions" shall also apply to the Derivative Action.

### C. The ERISA 401(k) Action

As the Court is aware, the parties to the ERISA 401(k) action have agreed upon the terms and documentation of settlement reached through mediation of the ERISA 401(k) Plaintiffs' claims. Accordingly, at this time, the parties to the ERISA 401(k) action will not be setting forth proposed discovery deadlines and will concentrate on finalizing that settlement. All parties to the ERISA 401(k) Action, though, reserve their respective rights with respect to a re-start of active litigation if a final settlement agreement is not approved by the Court.

### III. A Schedule for the Filing and Briefing of Summary Judgment Motions

15. Any motion for summary judgment shall be filed on or before April 14, 2008. Responses to summary judgment motions shall be filed 45 days after service of the motion, and the moving party shall file any reply within 30 days thereafter.

### IV. A Proposed Time and Method for the Court to Conduct Any Necessary *Daubert* Hearings Regarding Proposed Expert Witnesses

16. Any motions seeking a *Daubert* hearing shall be filed on or before April 28, 2008. The opposing party shall file any response to such a motion 30 days after service of the motion, and any reply shall be filed within 15 days thereafter. The Court will then schedule a hearing date. In the event that any such motion is filed, the parties will meet and confer in good faith at least 10 days in advance of the scheduled hearing date and submit at least 5 days prior to the hearing date a proposal for the Court's consideration regarding possible methods and procedures for conducting the hearing on the motion.

**V.    Measures to Centralize and/or Coordinate Interrogatories, Requests for Production of Documents, Deposition Requests, Subpoenas, and Other Written Discovery Efforts so as to Minimize the Total Number of Such Items**

17.    The plaintiffs to each of these "Securities Related Actions" have already provided their respective first requests for the production of documents to the Defendants. By September 1, 2007, the parties shall meet and confer and, propose with specificity, any amendments to this Discovery Plan and set forth suggested mechanisms for coordinating further discovery in these actions, including specific proposals for coordinating that discovery and proposed limits upon the types and amounts of discovery to be taken in these actions.

**VI.    Measures to Coordinate and Schedule Depositions so as to Avoid Conducting Multiple Depositions of the Same Individual**

18.    The parties agree that multiple depositions will not be taken of the same individual absent agreement of the parties or leave of the Court. Following their meeting pursuant to Section V above, the parties will file a proposed Amended and Specific Coordinated Discovery Plan to be submitted on or before September 1, 2007. The parties' proposal will include, but not be limited to, measures for identifying the deponents to be taken and in what order, on what dates and at what locations; allocating deposition time of witnesses to the parties to these actions and determining the order and length of questioning by each counsel; addressing any matters relating to costs or expenses associated with such depositions; and addressing any other limits on depositions, including those imposed by Rules 30(a)(2) and 30(d)(2) of the Federal Rules of Civil Procedure.

**VII. A Proposed System for Identifying by Unique Number or Symbol Each Document Produced or Referred to During the Course of the Litigation**

19. All of the documents produced by any party to these actions will be sequentially numbered and such numbers will include a unique prefix clearly identifying the source of the document and, if produced only in one of the cases, a separate identifier indicating which case the document was produced in. In the event that any third party produces documents in one or more of these actions in response to any third party discovery requests that lack such unique identifiers, the party that requested those documents shall be responsible for applying production numbers to the documents and making copies of such documents available to other parties.

**VIII. Measures to Coordinate Production of Documents by Defendants**

20. The plaintiffs in these actions have served initial document requests in accordance with the schedule set forth herein, and are permitted to serve additional document requests. The defendants will produce documents responsive to all such requests to the plaintiffs requesting them simultaneously. The parties will continue to meet and confer in good faith to avoid duplication of effort and to coordinate any future discovery requests in the actions.

**IX.     Resolution of Discovery Disputes**

21.     In the event of discovery disputes, counsel will first engage in a meet-and-confer process, in accordance with the procedure set forth in §21.424 of *The Manual For Complex Litigation Third*, with the expectation that the parties can limit or, at a minimum, refine the scope of the disagreement.  In the event that a dispute cannot be resolved by this process, either party may request a conference with the Magistrate Judge.  Prior to requesting such a conference, the party requesting the conference will provide the other party with a clear and concise written statement of the asserted deficiencies or objections and the requested relief or action.  The other party will provide a clear and concise written response.  The parties will then meet and confer again in an effort to resolve the issues in their entirety or to narrow the issues left to be resolved.  Absent resolution between the parties, each party will then request a conference with, and submit their written statements to, the Magistrate Judge.  The Magistrate Judge will thereafter mediate the dispute either in person or by teleconference.  If a mediation with the Magistrate Judge is not successful, either party thereafter may file a written motion with the Court to compel or preclude discovery.  In their motion papers, the parties will indicate whether oral argument is necessary for the Court's resolution of the discovery dispute.

22.     The parties acknowledge that in the event that there is a delay in the production of the documents that impacts on the ability of the parties to meet the deadlines established by this order, then the parties will confer, prior to the expiration of any such deadlines, in an attempt to reach an agreement on revised deadlines to be proposed to the court.  If an agreement cannot be reached, the parties shall follow, prior to the expiration of any such deadlines, the resolution procedure established in this section of the order.

## X. Mediation

23. The parties submitted a written comprehensive mediation report on April 25, 2006. The mediation process is ongoing and the mediators have provided the Court with periodic status reports.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge